UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-61909-FAM

MARIO HERAZO, YANERIS ALMONTE,
DENIELE CHARUN & KENAN RASABI,
individually, and on behalf of all those
similarly situated,

    Plaintiffs,

v.

WHOLE FOODS MARKET, INC., a
Foreign For Profit Corporation, and
WHOLE FOODS MARKET GROUP,
INC., a Foreign For Profit Corporation,

    Defendants.

_____

**DEFENDANTS WHOLE FOODS MARKET, INC.'S
AND WHOLE FOODS MARKET GROUP, INC.'S
OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR CLASS CERTIFICATION**

Defendants WHOLE FOODS MARKET, INC. and WHOLE FOODS MARKET GROUP, INC. ("Whole Foods") submit this Opposition to Plaintiffs' Joint Motion for Class Certification and for Temporary Stay of Proceedings and Briefing Thereon ("Motion") (DE 15). The Court has already denied the Plaintiffs' request for a temporary stay of proceedings (DE 20).

**I.    INTRODUCTION**

Two weeks before Plaintiffs filed their Motion for class certification, Whole Foods served Offers of Judgment under Federal Rule of Civil Procedure 68 offering each Plaintiff all the relief to which that Plaintiff could recover at trial. Rather than accept the offer, each Plaintiff chose to expand the proceeding by filing a First Amended Complaint ("FAC") (DE 14) that added another Whole Foods entity as an additional defendant, and the present Motion.

Three fatal defects require denial of the Motion:

- First, Plaintiffs lack standing to bring this Motion, rendering the Motion moot, because Plaintiffs had already been offered all the relief they would otherwise be entitled to receive.

- Second, the Motion itself is facially deficient and inconsistent with the FAC. The Motion seeks to certify a class of purchasers of products that: 1) were not purchased by the named plaintiffs; 2) are not sold by defendant Whole Foods; and 3) are not encompassed within the allegations of the FAC.

- Third, Plaintiffs fail to both satisfy any of the pleading requirements for class certification, and proffer any evidentiary support for their Motion. For example, Plaintiffs do not identify any way of ascertaining the putative class; to the contrary, the evidence supplied by Whole Foods shows the purchasers of these products cannot be accurately identified. Plaintiffs also have not proffered any evidence that the class is sufficiently numerous, that there are questions of law or fact common to the class, or that the Plaintiffs or their counsel are adequate. In fact, the glaring deficiencies in Plaintiffs' Motion actually underscore the inadequacy of Plaintiffs and their counsel to represent the interests of any class they may seek to certify in this action.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Procedural Background

On August 21, 2014, Plaintiffs filed the original complaint against defendant Whole Foods Market, Inc. (DE 1). The initial complaint asserted claims for unjust enrichment, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and negligent

2

misrepresentation stemming from Whole Foods' alleged misrepresentations on the packaging of four homeopathic products, "Cough Ease for Kids", "Cough Ease", "Flu Ease", and "Arnica Montana 30C."

On October 15, 2014, prior to responding to the complaint, Whole Foods served upon each Plaintiff an offer of judgment in accordance with Fed. R. Civ. P. 68. Composite Exhibit 1 (offers of judgment to each plaintiff and proof of service). Each individualized Offer of Judgment provided to each Plaintiff all he or she could possibly recover in this case, including reasonable attorneys' fees and costs.[1] *Id.* Twelve days later, and more than two months after filing the original complaint, Plaintiffs filed their Joint Motion for Leave to Amend (DE 13), First Amended Class Action Complaint (DE 14), and Motion for Class Certification and for Temporary Stay of Proceedings and Briefing Thereon (DE 15). On October 31, 2014, the Court granted Plaintiffs leave to amend the complaint, but denied Plaintiffs' request to stay their Motion. DE 18, 20.

### III. ARGUMENT

Plaintiffs' bring their Motion notwithstanding the fact that they were stripped of their standing to prosecute this case once they received Whole Foods' valid and complete offers of judgment. Worse still, Plaintiffs seek to pursue a Motion that is completely disconnected from the allegations of their First Amended Complaint and devoid of any proffered evidentiary support. Plaintiffs are apparently oblivious to the apparent errors in seeking to certify a class of purchasers of products that, according to their own complaint: 1) were not purchased by them;

---

[1] Each Plaintiff's monetary offer included far more than what they had paid for the products they purchased. Each Plaintiff was offered $20 for products that cost between $6.00 and $10.00 according to the allegations of their own complaint, plus their attorneys' fees and costs. (DE 14 (FAC) ¶¶ 14, 21, 34, 40); Composite Exhibit 1.

3

2) are not sold by defendant Whole Foods; and 3) are not encompassed by the FAC. Plaintiffs simply fail to satisfy the prerequisites for class certification.

### A. Plaintiffs Lack Standing and Their Claims Are Moot

This Court need not analyze the requirements for class certification under Rule 23 because all of the named Plaintiffs lack standing and the case is moot. As the Eleventh Circuit has recognized: "before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. Fla. 2000). Where, as here, a defendant offers the full requested relief to a plaintiff in an offer of judgment, and the offer eliminates any case or controversy on the merits of a plaintiff's claim, the "[c]ourt lacks subject matter jurisdiction over [the] case, except as to enforce the offer of judgment." *Barr v. Harvard Drug Grp., LLC*, No. 13-ev-62019, 2014 WL 2612072, at *3 (S.D. Fla. June 11, 2014). As discussed above, each of the named plaintiffs received a Rule 68 offer of judgment that fully satisfied each of their respective claims two weeks **before** they moved for class certification. That ends the analysis, and the motion must be denied.

In *Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2883979, at *3 (S.D. Fla. June 25, 2014) (Moreno, J.), this Court, consistent with other decisions in this District, recently dismissed as moot a class action based upon an offer of judgment that, like those present here, offered "more than Plaintiff was seeking and offer[ed] to consent to judgment pursuant to Rule 68...." Just as Judge Marra did in *Barr*, this Court found that an offer of judgment mooted class action claims where a motion for class certification had not been filed prior to the offer of judgment. *Id.* at *4. In doing so, this Court expressly adopted the reasoning of *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011), *Krzykwa v. Phusion Projects, LLC*, 920 F.

4

Supp. 2d 1279, 1282 (S.D. Fla. 2012), and *Keim v. ADF MidAltlantic, LLC*, No. 12-80577-CIV, 2013 WL 3717737, at *6 (S.D. Fla. July 15, 2013).

Whole Foods served Plaintiffs with offers of judgment on October 15, 2014. Composite Exhibit 1; *see also* DE 17 (Whole Foods' Response to Plaintiffs' Joint Motion for Leave to Amend filed October 29, 2014). Each individualized Offer of Judgment offered each Plaintiff all that he or she could possibly recover in this case, including reasonable attorneys' fees and costs. *Id*. Thus, Plaintiffs lack standing, and the Motion must be denied.

Plaintiffs' argument that the Rule 68 offers do not render their claims moot because Whole Foods failed to "offer to settle Plaintiffs' claims for declaratory and injunctive relief" (DE 21 at p. 3) is unavailing as Whole Foods had no obligation to include in the offer relief that the law would not allow Plaintiffs to recover.[2]

The law is well-settled here and elsewhere that none of the Plaintiffs have standing under Article III to bring claims for injunctive relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 107-13 (1983); *Scherr v. Marriot Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (a plaintiff must allege a 'real and immediate' threat); *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM (D1-1B), 2013 WL 1969957, at *15- 16 (S.D. Cal. May 13, 2013) (dismissing claims for injunctive relief in false advertising case regarding homeopathy product), *see also* DE 17.

---

[2] Not all Plaintiffs have pled claims seeking injunctive or declaratory relief. Plaintiff, Yaneris Almonte, ("Almonte") affirmatively alleges she is a citizen of New York, and that she acquired "Cough Ease" "at a Whole Foods Market in Kings County, New York." (FAC at para. 3). The only Count seeking injunctive or declaratory relief is Count II, entitled "Violation of Florida Deceptive and Unfair Trade Practices Act [Named Florida Plaintiffs and Statewide Florida Class Only]" ( FAC at p. 22), which expressly excludes Almonte as a non-Florida citizen. Therefore, Almonte has not sought declaratory or injunctive relief in the FAC, because neither Count I (unjust enrichment) nor Count III (negligent misrepresentation) seeks that relief, and Almonte is not a party to Count II.

5

Recent precedent in this District has also dismissed injunctive relief claims for lack of standing because there "is no likelihood of injury in the future if a plaintiff has no interest in purchasing the product at issue again because it does not work or does not perform as advertised." *Marty v. Anheuser-Busch Co., LLC*, No. 13-23656-C1V, 2014 WL 4388415, at *21, (S.D. Fla. Sept. 5, 2014). In doing so, the Court emphasized: "The Amended Complaint contains only allegations of past injury. Injury in the past, however, does not support a finding of an Article III case or controversy where injunctive relief is sought." Id. at *22.

Here, all Plaintiffs made it clear in the FAC that there is no threat of ongoing harm to them because, in the future, they have no intent to purchase products that they complain are "worthless" and are sold by "Whole Foods unfairly, deceptively" with the intent to "unjustly enrich[] itself on the backs of consumers to turn a corporate profit". DE 14 (FAC) ¶ 1. *See* also, DE 14 (FAC) ¶ 2 (but for the representations, "Mr. Herazo would not have purchased the 'Cough Ease for Kids' product"), ¶ 3 (but for the representations, "[Ms. Almonte] would not have purchased the 'Cough Ease' product"), ¶ 4 (but for the representations, "[Ms. Charun] would not have purchased the 'Flu Ease' product"), and ¶ 5 (but for the representations, "[Mr. Rasabi] would not have purchased [Arnica Montana 30C]"). Plaintiffs also allege that the products at issue are completely ineffective (DE 14 (FAC) ¶¶ 12, 19, 27, 38), that scientific evidence refutes Whole Foods' claims (DE 14 (FAC) ¶ 58), that Whole Foods misleads Plaintiffs to believe that its products are effective (DE 14 (FAC) ¶ 68), that "Whole Foods' claims are no more than a hoax" (DE 14 (FAC) ¶ 69), and that Whole Foods products are inactive (DE 14 (FAC) ¶ 73).

In light of these allegations, Plaintiffs do not and cannot allege they would purchase the at-issue Whole Foods products again under any circumstance, and thus cannot allege any

6

conceivable threat of future harm to themselves. Plaintiffs therefore have no standing to seek injunctive relief under the above precedent.

Plaintiffs' request in Count II for a declaratory judgment also cannot avoid the mootness created by the offers of judgment. In *Person v. Stupar, Schuster & Cooper, S.C.*, 2001 U.S. Dist. LEXIS 18203 (E.D. Wis. July 6, 2001), the defendant also made an offer of judgment for complete relief before the plaintiff filed his motion for class certification. Although declaratory relief was demanded in the complaint and the defendant had not included declaratory relief in its offer of judgment, the case was dismissed for mootness and lack of subject matter jurisdiction based on the offers of judgment having preceded the filing of the class certification motion: "[i]n the present case, after defendant[s]… pay [plaintiff] all amounts to which he is entitled, there is no longer a continuing legal controversy in their relationship…. [Plaintiff's] desire to have the court declare that defendant[s] engaged in legal wrongdoing does not create a justiciable controversy with respect to declaratory relief." *Id.* at 10-11. Florida law is the same. *Bilbao v. Brothers Produce Inc.*, 2013 WL 1914406, at *2 (S.D. Fla. 2013) (where plaintiff sought declaratory judgment with respect to claims that had been mooted by a settlement offer "for the full damages that Plaintiff could recover under his claim", declaratory judgment claim was likewise moot). Similarly, here, once these Plaintiffs were otherwise offered all relief ***they*** would be entitled to recover, their claim for declaratory relief also became moot and cannot provide this Court with subject matter jurisdiction over a class action.

      B.      <u>**Plaintiffs Fail To Meet The Requirements of Rule 23**</u>

Plaintiffs have utterly ***failed to allege pertinent facts or submit any evidence*** to support their motion for class certification. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to ***prove*** that there are in fact sufficiently numerous parties, common

7

questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 277 (2010) (emphasis added); *see also Bacon v. Stiefel Labs., Inc.*, 275 F.R.D. 681, 689 (S.D. Fla. 2011). "A district court may certify a class only if, after 'rigorous analysis,' it determines that the party seeking certification **has met its burden of a preponderance of the evidence**." *Bacon*, 275 F.R.D. at 689 (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158-61 (1982)) (emphasis added).

As shown above, Plaintiffs assert factual allegations not encompassed by their own complaint, and offer no evidence at all to support those allegations or any other aspect of the Motion.[3] Plaintiffs have not filed a single declaration or affidavit. They have not attached a single exhibit. They do not even cite to a single docket entry from this case containing any evidence. They have not developed or submitted *any* facts, even those that should be in their possession. Worse still, in at least one of their arguments Plaintiffs simply make up a number in order to satisfy the numerosity requirement. *See* DE 15 (Motion), at p. 3 (the number of products at issue sold "is approximately 500,000"). There is no evidence to support such a claim, or to support any other arguments in the Motion. Plaintiffs' Motion fails under any "rigorous", or even lenient, analysis. On that basis alone, in addition to those discussed more fully below, Plaintiffs have failed to satisfy their burden in moving for class certification.

C. **Plaintiffs' Motion Is Deficient on Its Face**

Plaintiffs' Motion for class certification is facially and fatally deficient. Plaintiffs seek to certify a class of purchasers for products that are not at issue in the FAC and were not purchased by the named plaintiffs. Plaintiffs seek to represent and certify a nationwide and statewide class

---

[3] Indeed, Plaintiffs readily admit that no class can be certified at this time. Plaintiffs state that they "require an opportunity for class discovery to fully develop the facts bearing on class certification." D.E. 15 (Motion), at p. 3, ¶ 4.

of purchasers of "'Kids Relief Flu,' 'Kids Relief Cough & Cold,' and/or 'Kids Relief Pain & Fever,' ... 'Kids Relief Earache,'" and other products bearing a "0-9 Kids" label. DE 15 (Motion), at ¶ 2. However, Plaintiffs allege they purchased "Cough Ease for Kids", "Cough Ease", "Flu Ease", and "Arnica Montana 30C" – **completely different products**. DE 14 (FAC), at ¶¶ 2-5. These are the only products that are at issue in this case. *See id.* at ¶¶ 8-45. Clearly, Plaintiffs cannot certify a class of purchasers of products that: 1) none of the Plaintiffs purchased; and 2) are not at issue in this case. The Motion should be denied on this basis alone.

D. **Plaintiffs Fail to Demonstrate the Proposed Class Is Adequately Ascertainable**

Plaintiffs' attempt to certify *any* class fails because Plaintiffs propose classes of people who are completely unrelated to the Plaintiffs, and fail to proffer any evidence there exists a realistic method for ascertaining the class members in their proposed class.

Due to the fundamental disconnect between Plaintiffs' First Amended Complaint and the pending Motion, as well as Plaintiffs' additional pleading and proof failures, Plaintiffs are incapable of meeting their burden of establishing "that the proposed class is 'adequately defined and clearly ascertainable.'" *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012). Even if the Plaintiffs had sufficiently defined a proposed class that relates to this case—which they did not—they still fail to demonstrate that the class members of their proposed class are ascertainable. Plaintiffs only assert that the number and identities of all class members "may be ascertained in the course of discovery." DE 15 (Motion), at p. 5. However, Plaintiffs utterly fail to plead or prove any realistic method of identifying potential class members who purchased the products at issue, and Plaintiffs' Motion also fails to identify any sufficiently ascertainable way for this Court to determine whether a given person is a class member. *See In re Checking*

9

*Account Overdraft Litig.,* 286 F.R.D. 645, 650–51, 651 n.7 (S.D. Fla. 2012); *Karhu v. Vital Pharmaceuticals, Inc.*, No.13-60768-CIV, 2014 WL 815253 at *2 (S.D. Fla. Mar. 3, 2014).

Additionally, Plaintiffs' bald assertion that future discovery from Defendants will supply what is absent from their Motion cannot cure this fatal defect. Not only do Plaintiffs fail to proffer any proof that future discovery from Defendants will fill this void, but the Declarations of Jeffrey Moll and Jenna Gelgand, Composite Exhibit 2, shows that neither of the Defendants have any records from which they could ascertain who purchased the products at issue. In *Karhu*, 2014 WL 815253 at *3, Judge Cohn agreed with other courts that because purchasers of inexpensive consumer products—like those at issue in this case—are "less likely to retain receipts or other records of minor purchases, courts have been reluctant to rely on those proofs to ascertain the identities of class members." *See Red v. Kraft Foods, Inc.,* No. 10–1028, 2012 U.S. Dist. LEXIS 186948, at *14-19, 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) (suggesting that court cannot ascertain consumer class using receipts of small purchases); *True v. ConAgra Foods, Inc.,* No. 07–00770, 2011 U.S. Dist. LEXIS 6770, at *15-17, 2011 WL 176037 (W.D. Mo. Jan. 4, 2011) (denying class certification where there was no customer "master list" and it was unlikely that consumers had retained receipts of minor purchases)." Here, as in *Karhu*, 2014 WL 815253 at *3, it is unrealistic to assume that purchasers of the Defendants' products, which cost between $6.00 and $10.00 (DE 14 (FAC) ¶¶ 14, 21, 34, 40), have retained their receipts or other proofs of purchase. Thus, it is doubtful that this Court would be able to glean the identities of most of the class members from existing documentary evidence.

Furthermore, the absence of relevant documentary sale evidence cannot be overcome by submission of affidavits of self-identification by the proposed class members. As Judge Cohn noted in *Karhu*, 2014 WL 815253 at *3, "[a]ccepting affidavits of…purchases without

10

verification would deprive [the Defendant] of its due process rights to challenge the claims of each putative class member. *See McLaughlin v. Am. Tobacco Co.,* 522 F.3d 215, 232 (2d Cir.), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S.Ct. 2131, 120 L.Ed.2d 1012 (2008). On the other hand, allowing [the Defendant] to contest each affidavit would require a series of mini-trials and defeat the purpose of class-action treatment. Using affidavits to determine class membership would also invite fraudulent submissions and could dilute the recovery of genuine class members. *See Carrera v. Bayer Corp.,* 727 F.3d 300, 305-09 (3d Cir. 2013) (rejecting affidavits as proof of class membership in consumer class action based upon potential for fraudulent submissions)." *Id.* at *3. For these reasons, this Court should reject any notion that the Plaintiffs' inability to presently plead or prove an administratively feasible way to ascertain appropriate class members can be cured by the submission of affidavits at some later stage in the proceeding.

E. **Plaintiffs Fail to Meet the Requirements of Rule 23(a)**

1. **Numerosity**

Under Rule 23, Plaintiffs must also show that "the class is so numerous that joinder of all members is impracticable...." Fed. R. Civ. Proc. 23(a)(1). As with other requirements under Rule 23, the burden is on the Plaintiffs to "present *evidence* which shows that [they meet the requirements]." *De Leon v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 91124 at 27-28 (M.D. Fla. Apr. 20, 2012) (emphasis added). And, as with the other requirements under Rule 23, Plaintiffs have failed to provide *any* evidence that this prerequisite is satisfied. Plaintiffs' counsel's bare conclusory assertion in the motion that "the number of class members during the class period is approximately 500,000" (DE 15, at p. 3), is unsupported by *any* proffered evidence, and therefore cannot sustain this critical element of a class certification motion.

11

### 2. **Commonality**

Plaintiffs do not meet the commonality requirement of Fed. R. Civ. Proc. 23 as (1) they offer no evidence to support their claim, (2) the proposed class representatives did not purchase the same products as those purchased by the proposed class, (3) most of the purported "common questions of law and fact" do not even concern Whole Foods or the allegations in the FAC, and (4) a nationwide class cannot properly bring a claim under FDUTPA.

First, Plaintiffs lack support for their argument that "a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Piazza*, 273 F.3d at 1346. "A court cannot simply presume that the commonality requirement has been satisfied; the plaintiff bears the burden of proof on this issue." *Nelson v. United States Steel Corp.*, 709 F.2d 675, 679-80 (11th Cir. 1983). Plaintiffs have failed to meet this burden.

Second, Plaintiffs only allege they purchased "Cough Ease for Kids", "Cough Ease", "Flu Ease", and "Arnica Montana 30C." DE 14 (FAC), ¶¶ 2-5. However, in the Motion, Plaintiffs seek to represent purchasers of: "'Kids Relief Flu,' 'Kids Relief Cough & Cold,' and/or 'Kids Relief Pain & Fever,' … 'Kids Relief Earache,'" and other products bearing a "0-9 Kids" label. DE 15, at p. 2. These are entirely different products, and Plaintiffs have not and cannot demonstrate how their claims share a common nexus with claims based on purchases of these other products.

Third, Plaintiffs identify 11 purported common questions of law and fact. DE 15 (Motion), at p. 4 n.2. However, seven of those "common questions" concern the actions and knowledge of HomeoLab – who is a manufacturer of homeopathic products that are not at issue in this litigation and who is not a party to this litigation. *Id.* (including "Whether **HomeoLab** communicated a message that the products at issue were effective in treating the identified

12

symptoms," and "Whether *Homeolab's* efficacy claims can be scientifically shows to be false") (emphasis added)).

Fourth, there is insufficient commonality between Plaintiffs' FDUTPA claims and those of purchasers in every other state.[4] Where a nationwide claim is brought alleging deceptive advertising under FDUTPA, class certification may be denied where "'the claims of non-resident consumers would require the application of consumer protection laws from each of the states where the deceptive trade practice occurred and the non-resident claimants suffered injury.'" *Rebman v. Follett Higher Educ. Group, Inc.*, 248 F.R.D. 624, 631 (M.D. Fla. 2008) (quoting *In Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090 (4th Dist. Ct. App. 2003)). "Because the laws of different states regarding unfair trade practices would control depending on the state in which the purchase at issue was made" (*Id.* at 632), Plaintiffs have failed to show that common questions of law would predominate here.

### 3. <u>Adequacy</u>

Under Rule 23(a)(4), Plaintiffs must prove that the "representative parties will fairly and adequately protect the interests of the class." As discussed above, the purported class representatives are not adequate because they seek to represent a class of purchasers of products they did not themselves purchase. Nor have they submitted any evidence that they are capable and willing to adequately represent the class. The court must consider whether "the class representative[s]… will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Indus.*, 273 F.3d 1341, 1346 (11th Cir. 2001). Here, there is nothing to suggest that any of the Plaintiffs even recognize the seriousness of the duties of a class

---

[4] Plaintiffs appear to concede this point in the FAC, where a heading indicates that Plaintiffs are only bringing the FDUTPA claim on behalf of "NAMED FLORIDA PLAINTIFFS AND STATEWIDE FLORIDA CLASS ONLY". DE 14 (FAC), at p. 22. But Plaintiffs ignore this in the Motion.

13

plaintiff, or possess the capability, financial or otherwise, to act on the behalf of a class. This Court has previously recognized that this failure of proof is itself fatal to a class certification motion. *Brooks v. Southern Bell Telephone & Telegraph Co.*, 133 F.R.D. 54, 58-59 (S.D. Fla. 1990) (Moreno, J.).

As to adequacy of counsel, Plaintiffs do not even provide the Court with a firm resume to demonstrate the qualifications of counsel to adequately represent the class. The conclusory assertion that "Proposed class counsel is experienced and qualified for this litigation" (DE 15 (Motion), at p. 5), without more, is insufficient. Moreover, the evidence before the Court is to the contrary. As discussed at length above, Plaintiffs' counsel has filed a motion for class certification that is woefully deficient. It identifies the wrong products, the wrong parties, and includes absolutely no evidence to support Plaintiffs' demand to represent a national class of, allegedly, hundreds of thousands of members. Accordingly, the adequacy of counsel requirement has not been satisfied here.

### F. Plaintiffs Cannot Seek Certification Under Rules 23(b)(1) and (b)(2)

In addition to the other shortcomings, Plaintiffs' Motion for class certification under Rules 23(b)(1) and (b)(2) is misplaced. As the Supreme Court has recognized, "individualized monetary claims belong in Rule 23(b)(3)." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011). As shown above, Plaintiffs have no claim for injunctive relief, and therefore class certification under Rules 23(b)(1) and (b)(2) would not be appropriate. Plaintiffs primarily seek monetary relief which varies among the class members (*See* DE 14 (FAC), ¶¶ 14, 21, 34, 40), thereby also rendering class certification under Rules 23(b)(1) and (b)(2) improper.

### G. Plaintiffs Have Not Satisfied the Class Certification Requirements Under Rule 23(b)(3)

Plaintiffs have also failed to meet the requirements of Rule 23(b)(3), that class issues predominate and that a class action would be a superior mechanism for resolving class claims. As discussed above, there is no evidence at all to support a finding that there are common issues or that any common issues predominate over individual issues. Further, each Plaintiff seeks only monetary relief, and prior to the filing of this Motion each received an offer of judgment that would fully satisfy those claims. As a result, there is no record support for finding that a class action would be superior. In addition, the class member identification issues identified above would require a series of mini-trials, thereby defeating the purpose of class action treatment. Accordingly, the requirements of Rule 23(b)(3) have also not been satisfied here.

### CONCLUSION

For the foregoing reasons, Whole Foods respectfully requests this Court deny Plaintiffs' Joint Motion For Class Certification.

Respectfully submitted,

*Attorneys for Defendant* WHOLE FOODS MARKET, INC. *and* WHOLE FOODS MARKET GROUP, INC.

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

VALERIE M. GOO (admitted *pro hac vice*)
vgoo@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
csarchio@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: +1-202-339-8400
Facsimile: +1-202-339-8500

By: */s Jeffrey Allan Hirsch*
    JEFFREY ALLAN HIRSCH
    Florida Bar No. 199850
    Email: hirschj@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2014, the foregoing was served via electronic mail on all counsel of record identified on the attached Service List.

*/s/ Jeffrey Allan Hirsch*
JEFFREY ALLAN HIRSCH

## SERVICE LIST

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|
| THOMAS P. O'CONNELL, ESQUIRE<br>THOMAS P. O'Connell, P.A.<br>750 Southeast Third Avenue<br>Suite 204<br>Fort Lauderdale, Florida 33316<br>Telephone: 954-527-1092<br>Facsimile: 954-527-1766<br>Email: TrialTom2@aol.com | JEFFREY ALLAN HIRSCH, ESQUIRE<br>Florida Bar No. 199850<br>GREENBERG TRAURIG<br>401 East Las Olas Boulevard<br>Suite 2000<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-765-0500<br>Facsimile: 954-765-1477<br>Email: hirschj@gtlaw.com<br><br>VALERIE M. GOO (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, California 90017<br>Telephone:   +1-213-629-2020<br>Facsimile:    +1-213-612-2499<br>Email: vgoo@orrick.com<br><br>CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1152 15th Street, N.W.<br>Washington, D.C. 20005<br>Telephone:   +1-202-339-8400<br>Facsimile:    +1-202-339-8500<br>Email: csarchio@orrick.com |